**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BOOSE, | ) | |
| | ) | No.    08 C 1144 |
| Plaintiff, | ) | |
| | ) | JUDGE ZAGEL |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICERS J. D. PARKER, Star No. | ) | |
| 17669, and R. E. YATES, Star No. 17939, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its answer defenses and jury demand to Plaintiff's complaint, states as follows:

**JURISDICTION and VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under
        color of law of Plaintiffs' [*sic*] rights as secured by the United States Constitution.

**ANSWER:**    The City admits that Plaintiff purports to bring a civil rights action pursuant

to 42 U.S.C. § 1983 and the laws of Illinois, but denies that the United States Constitution provides

Plaintiff with a direct cause of action and denies that the City has violated any law or statute.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and
        1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

3.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district
        and the events giving rise to the claims asserted in this complaint occurred within
        this district.

**ANSWER:**      Upon information and belief, based on City of Chicago Police Department

(CPD) documents, the City admits that venue is proper under 28 U.S.C. § 1391(b) as all the claims

asserted in this complaint occurred within this district. The City lacks sufficient knowledge or

information to form a belief as to the remaining allegations in this paragraph.

<b><u>PARTIES</u></b>

4.      At all times relevant hereto, Plaintiff Timothy Boose was a 26 year-old male who is
        a resident of Chicago, Illinois.

**ANSWER:**      Upon information and belief, based on CPD documents, the City admits that

Plaintiff is a 26 year-old male resident of Chicago, Illinois.

5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of
        Chicago and were acting under the color of the law and within the scope of their
        employment.

**ANSWER:**      Upon information and belief, based on CPD documents, the City admits that

Defendant Officers Parker and Yates were employed by the City. The City admits that Plaintiff

purports to sue these Defendants in their individual capacities. The City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the
        laws of the State of Illinois, and is the employer and principal of the Defendant
        Officers.

**ANSWER:**      The City admits that it is a municipal corporation, duly organized under the

laws of the State of Illinois. The City further admits that it is an employer of Defendant Officers

Parker and Yates.  The City lacks sufficient knowledge or information to form a belief as to the truth

of the remaining allegations of this paragraph.

<b><u>FACTUAL ALLEGATIONS</u></b>

7.      On or about March 6, 2007, Plaintiff was a passenger in a friend's vehicle which was
        traveling on Lake Shore Drive in Chicago, Cook County, Illinois, when the vehicle
        was curbed by Defendant Officers.

**ANSWER:**      Upon information and belief, based on CPD documents, the City admits that

2

on March 6, 2007, Defendant Officers Parker and Yates conducted a traffic stop on a vehicle that

the Plaintiff was a passenger in at 3100 South Lakeshore Drive, in the City of Chicago, County of

Cook, and State of Illinois.

      8.      At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the

of the allegations of this paragraph.

      9.      At this time, and all times relevant hereto, Defendant Officers did not have a Search warrant for the vehicle or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that

Defendant Officers Parker and Yates did not have a search warrant for the aforementioned vehicle

or an arrest warrant for the Plaintiff. The City lacks sufficient knowledge or information to form a

belief as to the truth of remaining allegations in this paragraph.

     10.     Plaintiff was ordered to exit the vehicle, whereupon he was unconstitutionally searched and handcuffed.

**ANSWER**:    The City lacks sufficient knowledge or information to for a belief as to the

truth of the remaining allegations in this paragraph.

     11.     Following the unconstitutional search and seizure, Plaintiff was arrested and taken to a Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that

Plaintiff was arrested, taken to a Chicago Police Station, and charged with Possession of a

Controlled Substance in violation of 720 ILCS 570.0/402-C. The City lacks sufficient knowledge

or information to form a belief as to the truth of the remaining allegations in this paragraph.

3

12.    Plaintiff remained in custody for approximately two days for this false charge.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations stated in this paragraph.

13.    This false charge was dismissed on March 29, 2007, by a Cook County Judge after a finding of no probable cause.

**ANSWER:**    Upon information and belief, based on County documents, the City admits that on March 29, 2007 charge of Possession of a Controlled Substance that was filed against the Plaintiff was dismissed. The City lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

**Count 1 - 42 U.S.C. § 1983 False Arrest**

14.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates paragraphs 1-13 as if fully repleaded herein.

15.    On March 6, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff s rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that the Plaintiff was arrested by Defendant Officers Parker and Yates on March 6, 2007, without a search warrant, but denies the remaining allegations as they pertain to the City.   The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

16.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that

4

on March 6, 2007, Defendant Officers Parker and Yates arrested the Plaintiff without a search

warrant, but denies the remaining allegations as they pertain to the City.   The City lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in this

paragraph.

17.     The misconduct described in this Count was undertaken pursuant to the policy and
practice of the Chicago Police Department in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly
encourages the type of misconduct at issue here by failing to adequately train,
supervise and control its officers, and its failure to do so constitutes deliberate
indifference;

b.     As a matter of both policy and practice, the Chicago Police Department facilitates
the type of misconduct at issue here by failing to adequately punish and discipline
prior instances of similar misconduct, thereby leading Chicago Police Officers to
believe their actions will never be scrutinized and, in that way, directly encourages
future abuses such as those affecting Plaintiff; specifically, Chicago Police officers
accused of misconduct are aware that the Office of Professional Standards will not
fully investigate these accusations and will almost always refuse to recommend
discipline even where the officer has engaged in wrongdoing;

c.     As a matter of widespread practice so prevalent as to comprise municipal policy,
Officers of the Chicago Police Department abuse citizens in a manner similar to that
alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police
Department makes findings of wrongdoing in a disproportionately small number of
cases;

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction,
a "code of silence" in the Chicago Police Department, by which Officers fail to
report misconduct committed by other Officers, such as the misconduct at issue in
this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the
preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the
types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which
are more than five years old documenting allegations of misconduct against police
officers, thereby preventing the City from ascertaining any patterns of abuse which
might develop over the course of a Police Officer's career;

5

g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations in paragraph 17, including all of its subparts.

18.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, ;and with reasonable certainty that the acts were in violation of Plaintiffs constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## Count II - False Imprisonment

19.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers in paragraphs 1 through 13 as if fully repleaded herein.

20.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits that this court has jurisdiction over the claims herein stated pursuant to its supplemental jurisdiction under Title 28, United States Code § 1367.

21.    On March 6, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff s rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

6

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that on March 6, 2007, Defendant Officers Parker and Yates arrested the Plaintiff without a search warrant, but denies the remaining allegations as they pertain to the City.   The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

22.    Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that on March 6, 2007, Defendant Officers Parker and Yates arrested the Plaintiff, but denies the remaining allegations as they pertain to the City.    The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

23.    The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City lacks knowledge or information to form a belief to the truth of the allegations of this paragraph.

### Count III—Malicious Prosecution

24.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

25.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7

26.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

28.     On March 29, 2007, Plaintiff's case was dismissed.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that on March 29, 2007, the charge of possession of a controlled substance that was filed against the Plaintiff was dismissed.

29.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**Count IV - Intentional Infliction of Emotional Distress**

30.     Plaintiff re-alleges paragraphs 1 through 13 as if fully re-pleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13 as if fully repleaded herein.

31.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:**    The City admits that this Court has jurisdiction over Plaintiff's state claims pursuant to title 28, United States Code § 1367.

32.     Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiffs innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    The City lacks knowledge and information sufficient to form a belief as to the allegations stated in this paragraph.

33.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### Count V—State Law Claims Against Defendant City
### *Respondent Superior* and Indemnification

35.     Plaintiff re-alleges paragraphs 1 through 13 as if fully re-pleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13 as if fully repleaded herein.

36.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    The City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

37.     At all relevant times, Defendant Officers were agents of Defendant City and

9

employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    The City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied. The City lacks a sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Defendant City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109 (1994).

2.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

3.    Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4.    As to Plaintiff's state law claims, the City is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and they ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill2d. 154, 166 (1979) (citations omitted).

5.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by Plaintiff, any verdict or judgment obtained by

Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

6.      Under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

7.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

**DATED:   MAY 29, 2008**                  Respectfully submitted,

MARA S. GEORGES

Corporation Counsel
City of Chicago

By: _____
          LE'ORA TYREE
          Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-1056 Office
(312) 744-3989 Fax
Attorney No. 06288669

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BOOSE, | ) | |
| | ) | No.        08 C 1144 |
| Plaintiff, | ) | |
| | ) | JUDGE ZAGEL |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICERS J. D. PARKER, Star No. | ) | |
| 17669, and R. E. YATES, Star No. 17939, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:    Jeffrey B. Granich                    Katie Z. Ehrmin
       53 West Jackson Blvd. - Suite 840    Law Offices of Jeffrey B. Granich
       Chicago, Illinois  60602              53 West Jackson - Suite 840
                                             Chicago, Illinois 60604

PLEASE TAKE NOTICE that on May 29, 2008 the City of Chicago will file its answer, defenses,  and jury demand to Plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.  A copy of that document is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be mailed to the person named above at the address shown this 29th  day of May, 2008.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO


By :    _____
       LE'ORA TYREE
       Assistant Corporation Counsel

30 North LaSalle Street, Ste 1020
Chicago, Illinois 60602
(312) 744-1056 Office
(312) 744-3989 Fax
Attorney No.  06288669